SCULLION v STATE BOARD OF LAW EXAMINERS

Docket No. 50092. Submitted October 7, 1980, at Lansing.—Decided
     January 6, 1981. Leave to appeal denied, 410 Mich 913.

Mary K. Scullion brought an action against the State Board of
     Law Examiners in Ingham Circuit Court seeking review pursu-
     ant to the provisions of the Administrative Procedures Act of
     the Board's denial of her request for reconsideration of her
     appeal of her bar examination essay scores, a writ of superin-
     tending control, and mandamus. Defendant moved for acceler-
     ated judgment and summary judgment. Michael G. Harrison,
     J., granted defendant accelerated judgment on the ground that
     the court lacked subject matter jurisdiction. Plaintiff appeals.
     *Held:*

     1. The State Board of Law Examiners is a judicial agency
     subject to the supervision of the Supreme Court and exempt
     from the provisions of the Administrative Procedures Act. The
     circuit court attains no jurisdiction for review of Board of Law
     Examiners' decisions under the act, nor does the enabling
     statute which created the Board of Law Examiners provide for
     review of Board decisions under the Administrative Procedures
     Act or by the circuit court.

     2. Defendant Board is under the control of the judicial
     branch of government and is in effect a higher tribunal than
     the circuit court. Thus, the circuit court has no power to review
     Board decisions.

     3. The proper method for obtaining review of decisions of the
     Board is by an application to the Supreme Court for an exer-
     cise of superintending control.

     Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1, 5] 1 Am Jur 2d, Administrative Law §§ 21, 51-53, 58.
     2 Am Jur 2d, Administrative Law § 203.
[2] 2 Am Jur 2d, Administrative Law §§ 203, 556.
[3] 1 Am Jur 2d, Administrative Law §§ 145, 146.
[4] 1 Am Jur 2d, Administrative Law § 92 *et seq.*
[6, 7] 1 Am Jur 2d, Administrative Law § 21.
     20 Am Jur 2d, Courts § 111 *et seq.*

1. COURTS — SUPREME COURT — JUDICIAL AGENCIES — STATE BOARD
   OF LAW EXAMINERS — ADMINISTRATIVE PROCEDURES ACT —
   STATUTES.

   The State Board of Law Examiners is a judicial agency, subject to
   supervision by the Supreme Court, and exempt from the provisions of the Administrative Procedures Act (MCL 24.203[2],
   600.904; MSA 3.560[103][2], 27A.904).

2. COURTS — SUPREME COURT — CIRCUIT COURTS — STATE BOARD OF
   LAW EXAMINERS — ADMINISTRATIVE LAW — STATUTES.

   Decisions of the State Board of Law Examiners are not subject to
   review by a circuit court or under the Administrative Procedures Act (MCL 24.201 *et seq.;* MSA 3.560[101] *et seq.).*

3. COURTS — CIRCUIT COURTS — SUPREME COURT — STATE BOARD OF
   LAW EXAMINERS — CONSTITUTIONAL LAW — STATUTES.

   The State Board of Law Examiners is not an "inferior tribunal"
   as that term is defined in a section of Michigan's Constitution
   defining the jurisdiction of the circuit courts but is an agency
   designed to assist the Supreme Court in the exercise of its
   statutorily granted power over the membership of the state bar
   (Const 1963, art 6, § 13, MCL 600.904; MSA 27A.904).

4. COURTS — SUPREME COURT — STATE BOARD OF LAW EXAMINERS —
   RULES — STATUTES.

   The rules under which the State Board of Law Examiners operates are subject to approval by the Supreme Court (MCL
   600.925; MSA 27A.925).

5. COURTS — SUPREME COURT — STATE BOARD OF LAW EXAMINERS —
   CIRCUIT COURTS.

   The State Board of Law Examiners is under the control of the
   Supreme Court and is in effect a higher tribunal than a circuit
   court.

6. SUPERINTENDING CONTROL — STATE BOARD OF LAW EXAMINERS —
   CONSTITUTIONAL LAW — APPELLATE REVIEW — STATUTES.

   Treatment by the Supreme Court of a complaint by an applicant
   regarding a decision of the State Board of Law Examiners as
   an application for a writ of superintending control does not
   violate the constitutional mandate for appellate review in light
   of procedures clearly established by case law (Const 1963, art 6,
   § 28, MCL 600.631; MSA 27A.631).

7. SUPERINTENDING CONTROL — STATE BOARD OF LAW EXAMINERS —
   SOURCE OF POWER — COURT RULES.

   The Supreme Court has the inherent power to exercise such

control over the State Board of Law Examiners as it exercises over the Attorney Discipline Board and the Attorney Grievance Board, the absence of express power in the pertinent court rule notwithstanding (GCR 1963, 862.5[b]).

*Reid, Reid, MacKay, Emery & DeVine, P.C.,* for plaintiff.

*Dunnings & Canady, P.C.,* for defendant.

Before: V. J. BRENNAN, P.J., and ALLEN and BEASLEY, JJ.

ALLEN, J. Does a circuit court have concurrent jurisdiction with the Supreme Court over a petition by an unsuccessful applicant for the bar examination for relief from an adverse decision by the Michigan State Board of Law Examiners? On February 7, 1980, the circuit court for Ingham County answered this question in the negative, and plaintiff appeals of right. The question posed is one of first impression.

In July 1978, plaintiff took a Michigan bar examination and scored 129.5 which was less than the 135 points needed for certification. Pursuant to rules of the Board, plaintiff appealed her essay scores to defendant Board which, after review, increased her score to 134. When plaintiff's request for reconsideration was denied, plaintiff filed a complaint in Ingham County Circuit Court on February 23, 1979. Count I of the complaint requested review under the Administrative Procedures Act of 1969, MCL 24.201 *et seq.;* MSA 3.560(101) *et seq.* Count II sought a writ for superintending control and Count III alleged that the Board had an affirmative duty to certify plaintiff and sought relief by mandamus.

On April 10, 1979, defendant Board filed a motion for accelerated judgment and for summary

judgment, claiming that the court lacked personal and subject matter jurisdiction and that plaintiff had failed to state a claim upon which a circuit court could grant relief. Following a hearing, the court granted defendant's motion on the ground that it lacked subject matter jurisdiction.[1] An order to this effect was entered on February 13, 1980. From this order, plaintiff appeals of right.

We promptly reject plaintiff's claim under Count I. Defendant Board is clearly a judicial agency, subject to the supervision of the Supreme Court. MCL 600.904; MSA 27A.904. Under § 3 of the Administrative Procedures Act, any agency in the judicial branch is exempt from the act. MCL 24.203(2); MSA 3.560(103)(2). Therefore, we conclude that the circuit court attains no jurisdiction under the Administrative Procedures Act. In this respect, we further note—as did the trial court—that the statute creating the Board of Law Examiners contains no provisions for review of Board decisions under either the Administrative Procedures Act or by the circuit court.

Counts II and III seek superintending control and mandamus, respectively, based on the broad grant of powers conferred upon the circuit courts under Const 1963, art 6, § 13. That section reads:

"The circuit court shall have original jurisdiction in all matters not prohibited by law; *appellate jurisdiction from all inferior courts and tribunals* except as otherwise provided by law; power to issue, hear and determine prerogative and remedial writs; supervisory and general control over inferior courts and tribunals within their respective jurisdictions in accordance with rules of the supreme court; and jurisdiction of other

---

[1] The trial court rejected defendant's claim that the circuit court lacked personal jurisdiction over defendant pursuant to GCR 1963, 116.1(1).

cases and matters as provided by rules of the supreme court." (Emphasis supplied.)

Is the State Board of Law Examiners an "inferior tribunal" as that term is used in art 6, § 13? We think not. Examination of the statute creating the Board of Law Examiners and the court rules governing the Board discloses that, rather than being a "tribunal", the Board is an agency designed to assist the Supreme Court in its statutorily-granted power over the membership of the state bar. MCL 600.904; MSA 27A.904. Board members are nominated by the Supreme Court, and rules under which the Board operates are subject to approval by the Supreme Court. MCL 600.925; MSA 27A.925. The unique relationship between the Board and the Supreme Court distinguishes the Board from license granting boards under the jurisdiction of the Department of Licensing and Regulation whose rules and orders are subject to review by the circuit court. Those license conferring boards are under the control of the executive branch of government, whereas defendant Board is under the control of the judicial branch of government. To give the circuit court the power of review over actions of the Board of Law Examiners is in effect giving an inferior tribunal power to review decisions for a higher tribunal. In *In the Matter of the Petition for a Representation Election Among Supreme Court Staff Employees,* 406 Mich 647, 663; 281 NW2d 299 (1979), the Supreme Court said:

"As a further incidental indication of how far out of the order of things it is to have MERC holding court over the Supreme Court, an appeal from the order of MERC is to the Court of Appeals. If MERC has jurisdiction to determine cases with the Supreme Court as a

party, then the Supreme Court might be in a position to appeal from the decision of MERC to the Court of Appeals, which again is an inferior tribunal to the Supreme Court. In short, MERC assuming jurisdiction over the Supreme Court puts everything upside-down."

Finally, plaintiff argues that circuit court review of the Board's decisions is mandated by Const 1963, art 6, § 28,[2] and by the statutory implementation thereof, MCL 600.631; MSA 27A.631, which reads:

"An appeal shall lie from any order, decision or opinion of any state board, commission or agency, authorized under the laws of this state to promulgate rules *from which an appeal or other judicial review has not otherwise been provided for by law,* to the circuit court of the county of which the appellant is a resident or to the circuit court of Ingham County, which court shall have and exercise jurisdiction with respect thereto as in nonjury cases." (Emphasis supplied.)

Again we disagree. Review by the Supreme Court has long been exercised. *Aguilan v State Board of Law Examiners,* 400 Mich 983 (1977), *Bindra v State Board of Law Examiners,* 400 Mich 1030 (1977), *Burns v State Board of Law Examiners,* 402 Mich 967 (1978), *Citron v State Board of Law Examiners,* 402 Mich 957 (1978). Since the constitutional provision does not specify review by any particular court and since applications for review are being treated by the Supreme Court as applications for writs of superintending control,[3] there

_____

[2] "All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law."

[3] It matters not whether the applicant's complaint is entitled a "motion for review" *(Aguilan, supra),* or mandamus *(Citron, supra),* it is treated by the Supreme Court as a complaint for superintending control, reviewable by the Supreme Court.

is no violation of the constitutional mandate.

Technically, there is noncompliance with that part of the statutory implementation emphasized above because no method of review of decisions by the State Board of Law Examiners has *expressly* been provided by law. But the Supreme Court has recently noted this omission and has proposed amending current GCR 1963, 862.5(b), which now allows the Supreme Court to exercise superintending control over the Attorney Discipline Board and the Attorney Grievance Commission, to include the Board of Law Examiners. See Special Orders, 407 Mich 1134.[4] However, the path of review is clearly indicated by the Supreme Court's orders in *Aguilan, supra,* and subsequent cases and by the proposed amendment to GCR 1963, 862.5(b). Any other method of review would fly in the face of the admonitions in *Election Among Supreme Court Employees, supra.* Both the Attorney Discipline Board and the Attorney Grievance Board exercise control over membership of the bar and, like the Board of Law Examiners, are extensions of the Supreme Court's power. Thus, we conclude that inherent power exists to exercise similar control over the Board of Law Examiners, even though it is not expressed in the court rule currently in effect.

Affirmed. No costs, an issue of public interest being involved.

---

[4] The proposed rule change is numbered 6.304. The new numbering is to correspond with the complete redraft of court rules published in 402A Mich 427.