**Kenneth A. McCREADY, Plaintiff,**

**v.**

**MICHIGAN STATE BAR, Michigan State Bar Committee on Character and Fitness, Defendants.**

**No. 5:94–CV–96.**

United States District Court,
W.D. Michigan,
Southern Division.

March 31, 1995.

---

Kenneth A. McCready, Chicago, IL, pro se.

Michael J. Karwoski, State Bar of Michigan, Lansing, MI, for defendant.

## OPINION OF THE COURT

McKEAGUE, District Judge.

This case presents an action by an applicant for admission to the State Bar of Michigan. The complaint contains three claims and seeks injunctive relief and compensatory damages. The Court has denied plaintiff's motion for preliminary injunction. Now before the Court is defendant's motion to dismiss.

## I. BACKGROUND

Plaintiff Kenneth A. McCready is a law school graduate who has passed the state bar examination. During the pendency of the investigation of plaintiff's character and fitness to practice law, and before a final decision to grant or deny plaintiff's application was made, plaintiff commenced this action pro se. The character and fitness review is being voluntarily held in abeyance pending the outcome of this action. Plaintiff's complaint is largely an anticipatory objection to the manner in which the character and fitness evaluation will be conducted.

It appears plaintiff's application and affidavit of personal history for admission to the bar were submitted on November 1, 1991. The application included a signed release of information to the State Bar. After staff persons of the State Bar collected information, they referred plaintiff's application to the District F Character and Fitness Committee for an interview. The interview was conducted on August 24, 1992. On December 7, 1992, the District F Committee issued a report recommending plaintiff's application be denied. Plaintiff sought *de novo* review of this recommendation by the State Bar Standing Committee on Character and Fitness. Plaintiff then withdrew his application on April 17, 1993, and reactivated it on May 24, 1994. In preparation for a formal hearing before the Standing Committee, an informal prehearing conference was conducted on June 22, 1994. The conference included discussion of the issues to be addressed and the manner of proceeding at the formal hearing. Among the issues to be addressed was plaintiff's history of alcohol abuse, as evidenced by several alcohol-related civil infraction and misdemeanor charges and convictions and by doctors' reports.

Before the formal hearing took place, plaintiff commenced this action. In count I, plaintiff complains of unlawful discrimination based on his "disabilities." Specifically, he charges that to the extent defendant Standing Committee may consider evidence of his disabilities—identified by plaintiff as "physical and mental impairments of alcoholism and various personality disorders"—it will discriminate against him in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Count II asserts a procedural due process claim. Plaintiff alleges that to the extent defendant will consider hearsay at the formal hearing, denying him the opportunity to cross-examine witnesses, it threatens to deprive him of liberty or property (licensure) without due process. In count III, plaintiff alleges defendant has failed to conduct a self-evaluation of its compliance with ADA regulations binding on public entities, in violation of 28 C.F.R. Part 35.

Defendant moves for dismissal of all three claims under Fed.R.Civ.P. 12(b)(1) and (6). Defendant contends the Court lacks subject matter jurisdiction to determine the first two claims and plaintiff lacks standing to assert the third. Even if the Court concludes that it does have subject matter jurisdiction over the first two claims, defendant contends they must be dismissed for failure to state claims upon which relief can be granted.

## II. SUBJECT MATTER JURISDICTION

■ Defendant's motion to dismiss counts I and II under Rule 12(b)(1) is a "speaking motion," inasmuch as it is supported by facts outside the pleadings. See *Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir.1990).[1] When the

1. Defendant has submitted materials defining the procedural context of plaintiff's claims and defining defendant's role and authority therein. While plaintiff has objected to defendant's presentation of some of these materials as violative of a confidentiality privilege, he has not objected to them or refuted them in material substance.

Plaintiff contends that under Rule 15, § 1(7) of the Supreme Court Rules concerning the State Bar of Michigan, "information obtained in the course of processing an application for admission to the bar may not be used for any other purpose or otherwise disclosed without the consent of the applicant or by order of the Supreme Court." Yet, as defendant observes, the information may be disclosed to any court requested to exercise jurisdiction over his application. Having placed the contents and progress of his application directly at issue in this case, plaintiff must be deemed to have waived his confidentiality privilege.

Plaintiff also objects to "certain of the information" presented by defendant as "blatant misrepresentation of material fact and law." He has

Court reviews such a factual attack on subject matter jurisdiction, no presumption of truthfulness applies to the factual allegations of the complaint. *Id.; United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir.1994). The Court is free to weigh any affidavits, documents and other evidentiary matters presented and satisfy itself as to its power to hear the case. *Id.* Plaintiff bears the burden of demonstrating that the Court has jurisdiction over the subject matter. *Ohio Nat'l, supra,* 922 F.2d at 324; *Moir v. Greater Cleveland Regional Transit Authority,* 895 F.2d 266, 269 (6th Cir.1990).

■ Defendant relies on *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). In *Feldman,* the Supreme Court held, in the context of a bar admission decision, that federal district courts do not have subject matter jurisdiction over challenges to state court decisions, in particular cases arising out of judicial proceedings, even if those challenges allege that the state court's action was unconstitutional. *Id.,* 460 U.S. at 486, 103 S.Ct. at 1316. In contrast, district courts do have jurisdiction over general challenges to state bar rules promulgated in non-judicial proceedings which do not require review of a final state court judgment in a particular case. *Id.*

■ In determining whether the *Feldman* rule applies to defeat jurisdiction, the first question is whether the challenged proceedings of defendant are state court proceedings. Per statute, M.C.L. § 600.904, the Michigan Supreme Court has the power to regulate the investigation and examination of applicants for admission to the State Bar. This power is discharged in part through the Board of Law Examiners, M.C.L. §§ 600.922, 600.925, which functions subject to Supreme Court approval. Pursuant to Supreme Court Rules Concerning the State Bar, Rule 15, § 1, and Board of Law Examiners Rule 2, each applicant for admission to the bar is

required to undergo a character and fitness investigation by the State Bar Character and Fitness Committee. The Standing Committee on Character and Fitness conducts the investigations through district committees, which collect information, conduct personal interviews, and make recommendations to the Standing Committee. Rule 15, § 1(5). The Standing Committee may endorse the recommendation, remand with instructions, or conduct a hearing de novo. *Id.* At the conclusion of its investigation, the Standing Committee submits a report and recommendation to the Board of Law Examiners. *Id.* If the Board of Law Examiners accepts the report and recommendation, the applicant is entitled to a formal hearing before the Board. The Board makes the final decision on admission, with review in the Supreme Court by petition for writ of superintending control. *Scullion v. Bd. of Law Examiners,* 102 Mich.App. 711, 716–17, 302 N.W.2d 290 (1981), *lv. app. denied,* 410 Mich. 913 (1981).

Thus, defendant Committee on Character and Fitness is an agent of the Board of Law Examiners, an agency under the direct supervision and control of the Michigan Supreme Court, designated and empowered to discharge statutorily defined duties of the Supreme Court. See *id.,* 102 Mich.App. at 715, 302 N.W.2d 290. Further, the Committee's duties summarized above are essentially judicial or quasi-judicial in nature. It follows that the proceedings here challenged by plaintiff in counts I and II are, for purpose of the *Feldman* rule, state court proceedings.

■ Plaintiff maintains, however, that he is not challenging particular decisions in judicial proceedings, but is challenging generally applicable rules, policies or practices of defendant Committee. In *Feldman,* the Supreme Court recognized a "subtle but fundamental distinction" between the two types of claims which a frustrated bar applicant might bring to the federal court:

> The first is a constitutional challenge to the state's general rules and regulations

not identified any specific inaccuracies, however, and seems generally to be concerned only that defendant's disclosure and characterization of his personal history will prejudice the Court's evaluation of his claims. The Court assures plaintiff—and this fact is evident in the reasoning

that follows—that the background information provided by defendant is material only to, and is considered by the Court only with reference to, the procedural context within which plaintiff's claims arise.

governing admission; the second is a claim, based on constitutional or other grounds, that the state has unlawfully denied a particular applicant admission..... [W]hile federal courts do exercise jurisdiction over many constitutional claims which attack the state's power to license attorneys involving challenges to either the rule-making authority or the administration of the rules, ... *Such is not true where review of a state court's adjudication of a particular application is sought*..... [T]he latter claim may be heard, if at all, exclusively by the Supreme Court of the United States.

460 U.S. at 485, 103 S.Ct. at 1316, quoting with approval *Doe v. Pringle,* 550 F.2d 596, 597 (10th Cir.1976) (emphasis in original).

Plaintiff's *argument* notwithstanding, his *complaint* does not identify and challenge a generally applicable practice or rule. Both counts I and II are in the nature of motions in limine, asking the Court to exclude specific items or classes of evidence from the record in the Standing Committee's formal hearing yet to be conducted. Determining on a case-by-case basis what evidence is admissible and how to weigh it are classic judicial functions, not legislative, ministerial or administrative functions. See *Feldman,* 460 U.S. at 479, 103 S.Ct. at 1313 (defining terms). Plaintiff correctly observes that he is not asking the Court to review the state's final adjudication of his application. What he seeks, however, is no less intrusive and improper. It is in the nature of a preemptive appeal of anticipated interlocutory decisions in a state court proceeding. The relief requested is both premature and, under *Feldman,* addressed to the wrong court.

Plaintiff maintains that if the allegations of his complaint are read indulgently, it is apparent that he is challenging rules, not particular decisions in his case. He argues the Court has an obligation to "sift" the complaint "to see if the general may be separated from the personal." *Lowrie v. Goldenhersh,* 716 F.2d 401, 407 (7th Cir.1983). Yet, *Lowrie* recognizes that if the alleged practices are "inextricably intertwined" with the plaintiff's own application proceedings, scrutiny of the practices necessarily entails impermissible review of state judicial proceedings. *Id.,* citing *Feldman,* 460 U.S. at 482, n. 16, 486–87, 103 S.Ct. at 1314, n. 16, 1316–17; see also *Leaf v. Supreme Court of State of Wisconsin,* 979 F.2d 589, 597 (7th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 2417, 124 L.Ed.2d 639 (1993).

Plaintiff characterizes his claims as complaining of the general practices of (1) requiring "certain applicants" to submit to psychiatric or physical examination, and (2) considering hearsay evidence that denies the applicant the opportunity to cross-examine unless he calls the witness. Yet, even assuming such vaguely described practices exist, to argue that they are the product of a legislative or rule-making function where there is no rule or policy; or to argue that they are applied administratively or ministerially where both obviously entail the exercise of discretion, is to ask the Court to indulge a metaphysical possibility that is simply inconsistent with the reality of adjudicatory decision-making.

With respect to the first "practice," it is manifestly apparent that plaintiff is a "certain applicant," of whom psychiatric or physical examination was required to sustain his burden of clear and convincing evidence of fitness under Rule 15, § 1(14), because of his history of alcohol abuse, a history manifested by a significant record of civil infraction and misdemeanor convictions and arrests. That is, the requirement appears to have been imposed by the district committee in discharging its duty under Rule 15, § 1(5) to conduct an "appropriate investigation" and, specifically, in response to discovery of other information concerning plaintiff's past conduct. The requirement thus proceeds from the exercise of discretion in furtherance of an adjudicatory function. It does not reflect a generally applicable rule and is, in any event, inextricably intertwined with plaintiff's own unique application.

Plaintiff's objection to the "practice" of admitting hearsay evidence is similarly flawed. The governing rule is Rule 15, § 1(10): "The standing committee has the power.... to take testimony under oath and to rule on the admissibility of evidence guided, but not strictly bound, by the rules of

evidence applicable to civil cases." Plaintiff cannot yet identify the hearsay evidence that defendant may admit and consider, because it will make such determinations in adjudicatory fashion at the formal hearing. When it does so, it will be "guided" by Michigan Rules of Evidence 801–806, which recognize numerous exceptions to the general rule that hearsay evidence is not admissible. To anticipate that some items of hearsay evidence will be admitted inconsistent with the rules of evidence, and to label such decisions a general "practice" does not alter the adjudicatory nature of defendant's actions. If plaintiff is aggrieved by defendant's evidentiary rulings, his remedy is with the Board of Law Examiners and the Michigan Supreme Court, not in the United States District Court.

Even an indulgent reading of the complaint compels the conclusion that plaintiff's claims are inextricably tied to his own application. The relief requested in the complaint is mainly "personal," praying for (1) an order enjoining defendant to provide plaintiff a fair hearing, (2) an order enjoining defendant from discriminating against plaintiff or any other applicant, and (3) award of $1,000 per day in damages for each day his application is delayed because of this lawsuit. Again, the complaint does not identify any rule or policy that is challenged. Plaintiff has given the Court no reason to believe the "practices" challenged are anything other than interlocutory adjudicatory decisions in state court proceedings. Therefore, to the extent the complaint arguably contains elements of general challenge, they are inextricably intertwined with plaintiff's application and beyond the reach of the Court's jurisdiction.

The parties have cited several recent decisions bearing superficial resemblance to this case, but which are materially distinguishable. In *Clark v. Virginia Bd. of Bar Examiners*, 861 F.Supp. 512, 518–19 (E.D.Va.1994), the court held, on reconsideration, that it had subject matter jurisdiction under *Feldman* to consider the lawfulness, under the ADA, of the defendant board's general requirement that applicants indicate whether they have had mental health counseling in the past five years. In *Ellen S. v. Florida Bd. of Bar Examiners*, 859 F.Supp. 1489, 1495 (S.D.Fla. 1994), the court reached the same result on nearly identical facts. Both cases involved a generally applicable requirement that was the product of the defendant's rule-making authority and that was ministerially applied. Here, by contrast, plaintiff objects to the anticipated use of unique information, already collected, in a hearing that is unique to his pending application. The "practices" and proceedings challenged by plaintiff are clearly judicial.

Similarly distinguishable is *D'Amico v. New York State Bd. of Law Examiners*, 813 F.Supp. 217 (W.D.N.Y.1993). In *D'Amico*, the district court exercised jurisdiction and granted preliminary injunctive relief under the ADA, requiring the defendant to accommodate a bar applicant's disabilities in administering the bar examination. The plaintiff applicant had a vision problem that worsened when reading for extended periods. The court ordered defendant to allow her to take the exam over a period of four, rather than two, six-hour days. The court did not consider the *Feldman* rule, but would have been justified in concluding that it had jurisdiction because the defendant's actions were administrative, not judicial, in nature.

In sum, plaintiff has failed to carry his burden of demonstrating that the Court has jurisdiction over the subject matter. The claims contained in counts I and II seek review of interlocutory state court judicial proceedings, matters over which this Court does not have subject matter jurisdiction. The Court has no alternative but to dismiss the claims.

## III. STANDING

Plaintiff alleges in count III that defendant has failed to conduct a self-evaluation of its compliance with ADA regulations, as required by 28 C.F.R. § 35.105. Defendant contends plaintiff lacks standing and has therefore failed to state a claim upon which relief can be granted.

 Defendant's motion under Fed. R.Civ.P. 12(b)(6) tests the legal sufficiency of the complaint. The Court must accept all well-pled factual allegations as true and con-

strue the complaint in the light most favorable to plaintiff. *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir. 1990), *cert. denied* 498 U.S. 867, 111 S.Ct. 182, 112 L.Ed.2d 145 (1990); *Windsor v. The Tennessean,* 719 F.2d 155, 158 (6th Cir.1983), *cert. denied* 469 U.S. 826, 105 S.Ct. 105, 83 L.Ed.2d 50 (1984). A claim should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim which would entitle him to relief. *Id.*

■ Section 35.105 is a regulation promulgated by the Department of Justice and is binding on state and local governmental agencies and instrumentalities. It requires public entities to evaluate their current services, policies and practices that do not meet the requirements of the Part 35 regulations implementing the ADA nondiscrimination standards and proceed to make the necessary modifications. It does not expressly provide a mechanism for enforcement of the self-evaluation requirements.

Defendant contends plaintiff's exclusive remedy is to file an administrative complaint with the Department of Justice under 28 C.F.R § 35.170. Yet, as plaintiff observes, § 35.172(b) makes such an administrative complaint cumulative of the complainant's right to file a private suit at any time. By incorporating the allegations of count I into the count III claim, plaintiff has alleged discrimination because of his disabilities and implies the discrimination results partly from defendant's failure to undertake the required self-evaluation.

The Court is satisfied that the language of § 35.172(b) and of 42 U.S.C. § 12133 is broad enough to authorize a private cause of action of this nature. This conclusion is supported by *Tyler v. City of Manhattan,* 857 F.Supp. 800, 812 (D.Kan.1994), where the court recognized a private right of action for enforcement of the self-evaluation requirements. Accordingly, defendant's motion to dismiss count III for lack of standing will be denied.