## THOMAS v STATE BOARD OF LAW EXAMINERS

Docket No. 167495. Submitted January 18, 1995, at Lansing. Decided March 15, 1995; approved for publication April 27, 1995, at 9:10 A.M.

Terry Thomas brought an action in the Oakland Circuit Court against the State Board of Law Examiners and others, alleging violation of the Freedom of Information Act, MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.*, as a result of the defendants' refusal to provide information requested under the act from the board and the Supreme Court regarding the denial of his request for a waiver from the Michigan Bar examination. The court, Rudy J. Nichols, J., granted summary disposition for the defendants, determining that the board is an agent of the judiciary and therefore not subject to the disclosure requirements of the act pursuant to MCL 15.232(b)(v); MSA 4.1801(2)(b)(v). The plaintiff appealed.

The Court of Appeals *held:*

The State Board of Law Examiners is a judicial agency that is supervised, regulated, and controlled by the Michigan Supreme Court. The trial court properly determined that the board was not subject to the disclosure requirements of the act.

Affirmed.

1. RECORDS — FREEDOM OF INFORMATION ACT — JUDICIARY.

The Freedom of Information Act requires a public body to disclose all public records that are not specifically exempt under the act; the judiciary is specifically excluded from the act's definition of a public body (MCL 15.232[b][v], 15.233[1]; MSA 4.1801[2][b][v], 4.1801[3][1]).

2. RECORDS — FREEDOM OF INFORMATION ACT — BOARD OF LAW EXAMINERS.

The State Board of Law Examiners is a judicial agency and therefore not a public body subject to the disclosure requirements of the Freedom of Information Act (MCL 15.232[b][v],

**REFERENCES**

Am Jur 2d, Freedom of Information Acts §§ 14-17, 130.
See ALR Index under Freedom of Information Acts.

15.233[1], 600.904, 600.925; MSA 4.1801[2][b][v], 4.1801[3][1], 27A.904, 27A.925).

Terry Thomas, in propria persona.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Susan B. Moody,* Assistant Attorney General, for the defendants.

Before: CAVANAGH, P.J., and HOLBROOK, JR. and MARKEY, JJ.

PER CURIAM. Plaintiff appeals as of right from the granting of defendants' motion for summary disposition pursuant to MCR 2.116(C)(8). Plaintiff filed a complaint pursuant to the Freedom of Information Act (FOIA), MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.*, seeking information from the State Board of Law Examiners and the Michigan Supreme Court regarding the denial of his request for a waiver from the Michigan Bar examination. We affirm.

Plaintiff claims that the trial court erred in granting defendants' motion for summary disposition. On appeal, this Court reviews the trial court's grant or denial of a summary disposition motion de novo. MCR 2.116(C)(8) permits summary disposition when the opposing party fails to state a claim upon which relief can be granted. A motion pursuant to MCR 2.116(C)(8), therefore, determines whether the opposing party's pleadings allege a prima facie case. A court may grant a motion pursuant to MCR 2.116(C)(8) only where the claim is so clearly unenforceable as a matter of law that no factual development would possibly justify recovery. *Garvelink v Detroit News,* 206 Mich App 604, 607-608; 522 NW2d 883 (1994).

Under the FOIA, a public body must disclose all public records that are not specifically exempt under the act. MCL 15.233(1); MSA 4.1801(3)(1). However, the FOIA excludes the judiciary from its definition of a "public body." MCL 15.232(b)(v); MSA 4.1801(2)(b)(v).

Plaintiff argues that the trial court erred in determining that the Board of Law Examiners is an agent of the judiciary and therefore is not subject to the disclosure requirements of the FOIA.

We find no error. The Michigan Supreme Court supervises, regulates, and controls the Board of Law Examiners in the exercise of its functions. MCL 600.904; MSA 27A.904; MCL 600.925; MSA 27A.925. This Court has previously held that the Board of Law Examiners is a judicial agency. *Scullion v State Bd of Law Examiners,* 102 Mich App 711, 714; 302 NW2d 290 (1981). Plaintiff's contention that *Scullion* does not apply because that case dealt with the Administrative Procedures Act, MCL 24.201 *et seq.*; MSA 3.560(101) *et seq.*, not the FOIA, is without merit.

Plaintiff also argues that the trial court was unduly influenced in its decision to grant defendants' motion for summary disposition by the contents of a letter written by Chief Justice MICHAEL F. CAVANAGH denying plaintiff's FOIA request. We find no evidence to support plaintiff's claim. Defendants provided Chief Justice CAVANAGH's letter to the lower court to establish the facts of the case. The transcript of the hearing clearly shows that the trial court based its decision on the applicable law, not on Chief Justice CAVANAGH's letter.

Affirmed.