91 F.3d 158
 8 NDLR P 208
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John E. WOLFGRAM, Plaintiff-Appellant,
v.
The STATE BAR OF CALIFORNIA and the State Bar Court; Vivian
L. Kral; Dr. Captane Thomson; Dr. David Stein,
Defendants-Appellees.
 No. 95-15643.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 13, 1996.*
Decided July 15, 1996.
 
 1
 Before: PREGERSON and TROTT, Circuit Judges, and WINMILL, District Judge.**
 
 
 2
 MEMORANDUM***
 
 Introduction
 
 3
 The California Bar found John Wolfgram, an attorney, to be mentally infirm and placed him on inactive status. The Bar's action followed a 22-day trial before Bar Court Hearing Judge Vivian Kral. Wolfgram challenged the Bar's action in two forums. First, he pursued appeals, losing before the Bar Review Court and the California Supreme Court. Second, he sued the Bar in federal district court, claiming that the Bar proceedings--and Hearing Judge Kral's decision--violated his constitutional rights and the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213. In addition, he removed the Bar proceedings--ongoing at that time--and merged them with his ADA suit. The district court found the removal to be improper and remanded the Bar proceedings. The district court also granted the Defendants' motions to dismiss Wolfgram's remaining claims. We affirm.
 
 Issues on Appeal
 
 4
 While Wolfgram's Notice of Appeal states that he appeals from the entire decision issued by the district court, he failed to brief portions of that decision. By failing to brief an issue on appeal, the appellant waives his right to raise that issue. Doty v. County of Lassen, 37 F.3d 540, 548, (9th Cir.1994). Wolfgram failed to challenge in his briefing the decisions of the district court (1) denying the motion to recuse; (2) granting the motion to remand; and (3) granting the motion to dismiss count three of his complaint. Thus, the only issues Wolfgram preserved for appeal are whether the district court properly dismissed the claims contained in counts one and two of his complaint.
 
 Standard of Review
 
 5
 A dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is a ruling on a question of law and as such is reviewed de novo. Stone v. Travelers Corp., 58 F.3d 434, 436-37 (9th Cir.1995). A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir.1995). The district court's conclusion that it lacks subject matter jurisdiction is also reviewed de novo. Seven Resorts, Inc., v. Cantlen, 57 F.3d 771, 772 (9th Cir.1995).
 
 Analysis
 
 6
 Wolfgram's complaint contains various claims that the Bar, State Bar Court, and Hearing Officer Kral violated his constitutional rights.[1] Count one seeks monetary, injunctive, and declaratory relief for alleged constitutional violations that occurred during the proceedings before Hearing Judge Kral. Count two seeks the same relief on the ground that the Defendants violated the ADA by failing to accommodate Wolfgram's mental disability.
 
 
 7
 It is clear from the record that Wolfgram raised these same claims in his appeal of Hearing Judge Kral's decision. His appeal was examined, and denied, by both the Review Department and the California Supreme Court. By continuing to press the same claims in his federal action, Wolfgram essentially asks us to review the decision of the California Supreme Court which denied Wolfgram's petition for review of the Bar's decision some time after the district court's dismissal of the federal action. As the district court recognized in this case, we have held that there is no subject matter jurisdiction in federal court to review decisions of the California Supreme Court concerning California Bar disciplinary matters. Rosenthal v. Justices of the Supreme Court of California, 910 F.2d 561, 567 (9th Cir.1990), cert. denied, 498 U.S. 1087 (1991).
 
 
 8
 Our decision in Rosenthal was based on D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983). In that case, applicants to the District of Columbia Bar challenged the Bar's denial of their application. The applicants' complaint contained claims that the Bar committed constitutional errors in their particular case, and that a specific Bar rule was unconstitutional.
 
 
 9
 The Supreme Court found first that the bar proceedings were judicial in nature. The Court distinguished the review of an individual's application for bar membership--clearly judicial in nature--from the process of rule-making--clearly nonjudicial in nature. The Court then addressed the scope of the federal district courts' jurisdiction to hear challenges to state bar decisions:
 
 
 10
 United States District Courts ... have subject-matter jurisdiction over general challenges to state bar rules, promulgated by state courts in nonjudicial proceedings, which do not require review of a final state-court judgment in a particular case. They do not have jurisdiction, however, over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in this Court.
 
 
 11
 Id. at 486.
 
 
 12
 Even general challenges to a state bar rule are subject to dismissal if they are inseparable from a request for review of an individual case:
 
 
 13
 If the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's application for admission to the state bar, then the District Court is in essence being called upon to review the state-court decision. This the District Court may not do.
 
 
 14
 Id. at 483 n. 16 (emphasis added). On the other hand, if the general challenge to a state bar rule is separated from a request to review a bar decision concerning a particular individual, the district court clearly has jurisdiction to hear the general challenge. That was the case in Feldman. The plaintiff in Feldman did distinguish his claims sufficiently to convince the Supreme Court to reject the District of Columbia Bar's argument that the "sum and substance of [plaintiffs'] federal court actions were to obtain review of the prior adverse decisions of the [state courts] in their individual cases." Id. at 487 n. 18. The ultimate holding in Feldman was that the district court did have jurisdiction to hear plaintiffs' challenges to the bar rule, but had no jurisdiction to review bar decisions regarding the individual plaintiffs. Id. at 486-88.
 
 
 15
 In applying Feldman to the present case, we begin with the established principle that the California Bar's individual disciplinary proceedings are judicial in nature. Hirsh v. Justices of Supreme Court of California, 67 F.3d 708, 715 (9th Cir.1995). Wolfgram's complaint does contain general allegations that the California Bar is a "good-old-boy" system that seeks retribution against anyone who protests Bar policies. The complaint's prayer for relief requests, among other things, a declaration that the Bar's treatment of dissenters violates the First Amendment, and an injunction enjoining the Bar "from exerting coercion on any member."
 
 
 16
 But these general allegations do not exist separate and apart from Wolfgram's claim that the Bar erred in his particular case. Wolfgram drafted his complaint to focus almost entirely on the Bar's alleged misconduct in his individual case. Wolfgram uses his general allegations simply to portray the Bar as being out to get him. Tellingly, Wolfgram does not identify any particular rule, practice, or policy that the Bar uses to quash dissent. Wolfgram has made no effort whatsoever to comply with Feldman's admonition that the general allegations not be "inextricably intertwined" with the request for individual review. In fact, the complaint is a rambling diatribe that fails to comply with the requirement that it contain a "short and plain statement" of the district court's jurisdiction. Fed.R.Civ.P. 8(a)(1). This poorly drafted complaint so entangles general challenges with a request for individual review that it is beyond repair. Wolfgram, being an attorney representing himself at the time he drafted his complaint,[2] cannot take advantage of the leniency granted either to non-attorneys, Hernandez v. Whiting, 881 F.2d 768, 770 (9th Cir.1989), or to clients who have been victimized by the poor draftsmanship of their attorneys. Nevijel v. North Coast Life Insurance Co., 651 F.2d 671, 673 (9th Cir.1981).
 
 
 17
 It is true that Wolfgram seeks monetary damages which do not appear to have been an issue in Feldman. Feldman, 460 U.S. at 469 n. 3. Nevertheless, the California Bar and the Bar Court clearly have Eleventh Amendment immunity from Wolfgram's constitutional claims for damages. Hirsh, 67 F.3d at 715 ("The Eleventh Amendment's grant of sovereign immunity bars monetary relief from state agencies such as California's Bar Association and Bar Court."). This immunity extends to the constitutional claims brought against Hearing Judge Kral to the extent that she is sued for conduct in her official capacity. Id. To the extent that Wolfgram has sued Hearing Judge Kral in her individual capacity for constitutional violations, she has quasi-judicial immunity from monetary damages. Id. ("The Bar Court judges ... have quasi-judicial immunity from monetary damages.").
 
 
 18
 Wolfgram accurately points out that the Defendants do not have Eleventh Amendment immunity to his ADA claim seeking monetary damages. 42 U.S.C. § 12202 ("A State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in Federal ... court ... for a violation of [the ADA]."). Wolfgram attempts to distinguish Feldman by pointing out that it did not involve ADA claims, but he cites no authority that a statutory violation claim arising from a state bar disciplinary proceeding is subject to greater court scrutiny than a constitutional violation claim arising from the same bar proceeding. Indeed, the cases uniformly apply Feldman to ADA claims brought by plaintiffs challenging bar proceedings. Johnson v. State of Kan., 888 F.Supp. 1073, 1080-81 (D.Kan.1995), aff'd, 81 F.3d 172 (10th Cir.1996); McCready v. Michigan State Bar, 881 F.Supp. 300, 303-05 (W.D.Mich.1995); Clark v. Virginia Bd. Of Bar Examiners, 861 F.Supp. 512, 518-19 (E.D.Va.1994) (motion for reconsideration granted); Ellen S. v. Florida Bd. Of Bar Examiners, 859 F.Supp. 1489, 1495 (S.D.Fla.1994). While these cases are united in their application of Feldman to ADA claims, their results differ depending on the ability of a particular plaintiff to address Feldman's requirements. For example, the plaintiffs in Ellen S. and Clark successfully pled general claims that state bar rules violated the ADA. The plaintiffs in Johnson and McCready, however, failed to follow Feldman, and their ADA claims were dismissed because those claims were intertwined with their requests for review of the decisions of the state bars in their individual cases.
 
 
 19
 The present case is much closer to Johnson and McCready than to Ellen S. and Clark. Feldman compels dismissal of Wolfgram's ADA claims as well as his constitutional claims.
 
 Conclusion
 
 20
 The decision of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 The Honorable B. Lynn Winmill, United States District Judge for the District of Idaho, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Under California law, the State Bar Court handles attorney disciplinary matters, and is an administrative agency affiliated with the California State Bar. Calif.Bus. & Prof.Code § 6086.5. The Bar Court is divided into a Hearing Department and a Review Department. Id. §§ 6079.1, 6086.65. Disciplinary proceedings are commenced by serving the accused attorney with a Notice to Show Cause. Hirsh v. Justices of Supreme Court of California, 67 F.3d 708, 711 (9th Cir.1995). The Hearing Department then conducts a formal adversarial hearing during which the accused attorney and a State Bar prosecutor present evidence before a Bar Court judge, in this case Hearing Judge Kral. The Hearing Department makes findings and a recommendation regarding appropriate discipline. The attorney may appeal to the Review Department which reviews the Hearing Department's findings de novo and makes its own recommendation. The attorney may then file a petition for review with the California Supreme Court. Id. at 711-12
 
 
 [2]
 Wolfgram has since retained counsel