Eric Juna COX, Plaintiff,

v.

ALABAMA STATE BAR, Defendant.

No. 2:04–CV–612–F.

United States District Court,
M.D. Alabama,
Northern Division.

July 21, 2004.

Alvin T. Prestwood, Tara Smelley, Prestwood & Associates PC, Knee, Montgomery, AL, for Plaintiff.

Robert E. Lusk, Jr., Montgomery, AL, for Defendant.

## MEMORANDUM OPINION

FULLER, Chief Judge.

For the reasons stated herein, the Court denied the Plaintiff's Petition for Preliminary Injunction (Doc. # 2) by Order dated July 15, 2004 (Doc. # 9).

## I. FACTUAL BACKGROUND

Plaintiff, Eric Juna Cox (hereinafter "Cox"), is an applicant for the July 2004 Alabama State Bar Examination (hereinafter "The Bar Exam"), which is administered by Defendant, the Alabama State Bar (hereinafter "the Alabama Bar" or "The Bar"). Cox has been diagnosed with Attention Deficit Disorder and Dyslexia. Due to these disabilities and pursuant to the Americans With Disabilities Act (hereinafter "ADA"), Cox has requested that the Alabama Bar provide him with certain accommodations during the Bar Exam. Specifically, Cox has requested (1) a quiet testing area, (2) use of a word processor with spell check, and (3) at least double the regular time to complete the exam. Cox supported these requests with documentation from two experts, Michael Fox, M.D., a psychiatrist, and Helen Baines, Ph.D., a licensed School Psychologist. Both experts expressed the opinion that Cox needs the above listed accommodations due to his disabilities.

The Alabama Bar has conceded that the Plaintiff is a disabled person within the meaning of ADA and accordingly has agreed to grant him accommodations on the July 2004 Bar Examination. Specifically, the Bar has agreed to grant Cox's first two requests, that is, a quiet testing area and use of a word processor with spell check. However, it has denied Plaintiff's request for at least double time in which to complete the exam. Instead, the Bar has granted Cox no more than time and one half. Defendant came to this decision on the advice of its own expert, Dr. Rachel Fargason, M.D., a psychiatrist and neurologist. After reviewing all of Cox's documentation, Dr. Fargason concluded that allowing Cox any more than time and one half to complete the examination would undermine the nature of the examination and give him an unfair advantage over other candidates. Dr. Fargason is of the opinion that time and one half is a reasonable and sufficient accommodation such that Cox will be able to demonstrate his true abilities.

Plaintiff has twice before taken and failed the Alabama State Bar Examination. On both the July 2003 and February 2004 exams, he was granted time and one half to complete the exam, among other accommodations, and failed to achieve a passing score. After receiving notice that he would not be given double time on the February 2004 exam, Cox filed a writ of mandamus with the Alabama Supreme Court. The Court denied the writ as well as Plaintiff's subsequent application for reconsideration.

On June 22, 2004 Plaintiff filed suit in this Court alleging violation of the ADA and the Rehabilitation Act of 1973 and requesting declaratory relief. On the same date, he filed the instant Petition for Preliminary Injunction requesting that this Court order that Plaintiff be allowed to take the July 2004 Alabama Bar Exam with the accommodation of double time.

## II. DISCUSSION

### A. The Rooker–Feldman Doctrine

As a preliminary matter the Court holds that, contrary to Defendant's contention, the *Rooker–Feldman* doctrine does not bar this Court from hearing the present Petition. Under the doctrine federal district courts lack jurisdiction to review *judicial* decisions by state courts. *See District of Columbia v. Feldman*, 460 U.S. 462, 476, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 44 S.Ct. 149, 68 L.Ed. 362 (1923). However, in denying Plaintiff's writ the Alabama Supreme Court was acting within its *administrative* capacity of regulating admission to the practice of law in Alabama. Because the denial was administrative rather than judicial in nature the *Rooker–Feldman* doctrine is not applicable. *See McCready v. Michigan State Bar*, 881 F.Supp. 300, 305 (W.D.Mich. 1995).

### B. Standard for Preliminary Injunction

In order to obtain a preliminary injunction, Cox must show (1) that there is a substantial likelihood of success on the merits; (2) that he will suffer irreparable harm without injunctive relief; (3) that such harm outweighs any harm suffered by the defendants due to the injunction; and (4) that granting the injunction is in the public interest. *See Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir.2000). This Court holds that Plaintiff has failed to show a substantial likelihood of success on the merits, and therefore denial of the Petition is proper. Because Plaintiff has failed to meet the first criteria for preliminary injunction, this Court need not address the remaining criteria.

A plaintiff alleging a violation under the ADA bears the burden of establishing a prima facie case. *See Hilburn v. Murata Electronics North America, Inc.*, 181 F.3d 1220, 1226 (11th Cir.1999). In order to show a violation of the ADA in connection with testing, a plaintiff must show (1) that he is disabled, (2) that his requests for accommodations are reasonable, and (3) that those requests are denied. *See D'Amico v. New York State Board of Law Examiners*, 813 F.Supp. 217, 221 (W.D.N.Y.1993). Defendant concedes that Cox is disabled and that it has denied his request for the accommodation of double time. Therefore, in order to be granted a preliminary injunction, Plaintiff need only show that there is a substantial likelihood that his request for double time is reasonable within the meaning of the ADA. This he has failed to do.

Plaintiff relies heavily on the case *D'Amico v. New York State Board of Law Examiners* in support of his contention that his request for double time is reasonable. *See* 813 F.Supp. 217 (W.D.N.Y. 1993). In *D'Amico*, the plaintiff had a severe visual disability and therefore requested certain accommodations during the New York State Bar Examination, including the opportunity to take the exam over four days rather than two days. In support of this request, the plaintiff submitted documentation from his ophthalmologist that specifically proposed a four day time period as a reasonable accommodation for the plaintiff's disability. The defendant, the New York State Bar, conceded that the plaintiff was disabled within the meaning of the ADA and granted some of the requested accommodations but denied the plaintiff's request to take the bar over a four day rather than two day period. In support of its decision, the Bar argued that the number of days over which the exam is given is a "testing issue" rather than a "medical issue" and therefore the Bar's decision should be controlling. The Board did not rely on any expert testimony of their own that contradicted the plain-

tiff's ophthalmologist's recommendation. On Plaintiff's Motion for Preliminary injunction, the *D'Amico* Court granted the preliminary injunction reasoning that,

> It is true that the treating physician does not have the final word in determining what is or is not reasonable. But in a case *where there is no medical evidence to the contrary*, and the treating physician's opinion does not appear on its face to be outrageous, it is appropriate for the Court to give great weight to the physician's opinions as to the nature of the accommodations required for his patient.

*D'Amico*, 813 F.Supp. at 223 (emphasis added).

The present case is distinguishable precisely because there *is* medical evidence to the contrary. The Alabama Bar relies upon the testimony of Dr. Rachel Fargason, M.D. to support its denial of double time and grant of time and one-half. Unlike in *D'Amico*, here there are conflicting expert opinions, none of which are outrageous on their face. Although Plaintiff asks the court to invoke a "treating physician rule" in which substantial deference would be given to Plaintiff's doctors, at this procedural stage in the case the Court is unwilling to defer completely to Plaintiff's experts. *See Bartlett v. New York State Board of Law*, 970 F.Supp. 1094, 1119–20 (S.D.N.Y.1997) (rejecting a treating physician rule) *overruled on other grounds*, 226 F.3d 69 (2nd Cir.2000). Rather, the Court finds that, at this point in the case, there are material issues of fact regarding what constitutes a reasonable time accommodation given Plaintiff's level of disability, and therefore the Court

cannot conclude that there is a substantial likelihood that Plaintiff will succeed on the merits of his case.[1]

▉ Cox also argues that because he has received the accommodation of double time on exams in the past, including the Law School Admissions Test and exams at Cumberland Law School, the same accommodation is reasonable on the Bar Exam. The Court rejects this reasoning. Although information regarding past accommodations may be probative in determining whether a current request constitutes a reasonable accommodation, such accommodations are not per se reasonable in every new testing situation. *See Ware v. Wyoming Board of Law Examiners*, 973 F.Supp. 1339, 1357 (D.C.Wyo.1997) (past accommodations are not per se reasonable in new circumstances). The Court finds that Plaintiff's evidence of past accommodations is not enough to demonstrate a substantial likelihood of success on the merits, especially in the face of Defendant's expert's opinion.

▉ Plaintiff further contends that because he was accommodated with double time on exams in the past, the doctrine of equitable estoppel applies to bar Defendant from denying him double time. The Court finds the doctrine completely inapposite in the present circumstances and rejects this argument in totality. There is no evidence that Defendant ever represented that it would provide Plaintiff with double time on the Alabama Bar Exam or that Plaintiff relied on any such representation. *See Marine Transp. Services Sea–Barge Grp. Inc. v. Python High Performance Marine Corp.*, 16 F.3d 1133, 1139

---

1. Plaintiff also contends at one point in his Brief, that Defendant gives no more than double time to *any* learning disabled applicant as a general rule. It is clear that disabilities must be assessed individually. *See Albertson's, Inc. v. Kirkingburg*, 527 U.S. 555, 566,

119 S.Ct. 2162, 144 L.Ed.2d 518 (1999). However, Defendant claims that an individual assessment was made by Dr. Fargason. Given the procedural posture of the case, the Court is unwilling to assume Plaintiff's version of the facts.

(11th Cir.1994). The fact that entities other than the defendant provided Plaintiff with double time on exams other than the Alabama Bar Exam is wholly irrelevant to whether the doctrine of estoppel could be applied against Defendant in the present circumstances.

### III. CONCLUSION

Because Plaintiff cannot demonstrate a substantial likelihood of success on the merits, Plaintiff's petition for preliminary injunction is due to be DENIED.